# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OPERATING ENGINEERS LOCAL 139**
**HEALTH BENEFIT FUND, et. al.,**

                **Plaintiffs,**

                v.                          Case No. 06-C-1117

**CGR, Ltd.,**

                **Defendant.**

## DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On October 26, 2006, Operating Engineers Local 139 Health Benefit Fund, et. al. ("Fund") filed a complaint alleging that CGR, Ltd. ("CGR") violated a collective bargaining agreement and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1145, by failing to make required contributions to plaintiffs and to deduct and remit union dues to the plaintiffs pursuant to the terms of the agreement.

On December 14, 2006, the defendant answered the complaint. After the parties completed discovery, the Fund contends that CGR's counsel informed it at the May 9, 2007 telephone status hearing that although CGR was not disputing the amount owed, it was in no position to pay this amount. On June 8, 2007, the court granted the plaintiffs' motion to extend the time for filing a summary judgment motion until June 25, 2007. The Fund further alleges that as of June 11, 2007, CGR's counsel represented to the Fund's counsel that he would not

expend further effort in the defendant's case per the defendant's request. However, the record reflects that there has not been a substitution of counsel for CGR or that CGR's counsel moved to withdraw from the case.

On June 25, 2007, the Fund filed a motion for summary judgment. The defendant has failed to respond. The pleadings on the plaintiffs' motion are closed and the matter is ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge.

**FACTUAL SUMMARY**

Since the defendant failed to respond to the plaintiffs' motion, the court will accept the plaintiffs' unchallenged statements of fact as accurate. The Fund is an "employee welfare benefit plan" within the meaning of ERISA and is established and governed by the terms of its respective trust agreements. (Pl.'s Mem. Supp. Summ. J. 2.) Pursuant to the trust agreements, the Fund provides pension, health, and welfare benefits to employees of employers who are signed to collective bargaining agreements with Local 139 of the International Union of Operating Engineers. (Id.) The defendant, CGR, is an "employer" within the meaning of ERISA and is a party to a collective bargaining agreement with the Union, Local 139. (Compl. ¶¶ 3, 5.)

Pursuant to the terms of the collective bargaining agreement with the Union, CGR was obligated to make fringe benefit contributions to the Fund on behalf of the employees who perform work covered under this agreement. (Compl. ¶ 4.) As a signatory to this agreement, CGR was also obligated to submit monthly reports to the Fund indicating the amount of hours worked by each employee who performed work under the scope of the bargaining agreement as well as the corresponding amount of fringe benefits owed to the Fund. (Local Rule 56.2 Stm. ¶ 2.)

Following the execution of the collective bargaining agreement, the Fund audited CGR's payroll books and records for the time period from January 1, 2002 through February 2004 and again for the time period from March 1, 2004 through July 31, 2006. (Local Rule 56.2 Stm. ¶ 3.) As a result of the audit, the Fund alleges that CGR breached its obligation to make fringe benefit contributions under the terms of the collective bargaining agreement (Compl. ¶ 7) in the total amount of $139,750.83 (Local Rule 56.2 Stm. ¶ 7). As alleged, CGR is liable to the Fund in the amount of $101,411.05 in contributions, $13,952.72 in interest, and $24,387.06 in liquidated damages. (De Battista Aff. ¶ 8.)

The defendant, CGR, responded to the Fund's Complaint on December 14, 2006. In its response, CGR conceded that it failed to make certain contribution payments required to be made under its collective bargaining agreement. (Def.'s Ans. ¶ 7.) CGR, however, denied that it was liable for the payment of liquidated damages and interest. (Def.'s Ans. ¶ 7.) According to the Fund, CGR has not contested the abovementioned amounts. (Pl.'s Mem. Supp. Summ. J. 5.) Moreover, the Fund indicated that CGR paid the plan $54,958.23 through one of its general contractors, Graham and Associates, LLC. (De Battista Aff. ¶ 4.) The Fund represents that it applied this amount to the outstanding delinquencies for hours worked from May 2006 through October 2006 on the Graham job. (Id.)

**SUMMARY JUDGMENT STANDARD**

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts that, under the governing substantive law, might affect the outcome

of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

**ANALYSIS**

A defendant is obligated to make contributions to a fund only if it is a party to a binding labor agreement with a union. Illinois Conf. of Teamsters & Emplrs. Welfare Fund v. Steve Gilbert Trucking. 71 F.3d 1361, 1365 (7th Cir. 1995) (citing Operating Eng'rs Pension Trust v. Gilliam, 737 F.2d 1501, 1503 (9th Cir. 1984)). Further, Section 1145 of ERISA requires that "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or . . . a collectively bargained agreement shall . . . make such contributions in

4

accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. It is a trustee's responsibility to ensure that a plan receives all funds to which it is entitled. Cent. States v. Cent. Transp., 472 U.S. 559, 572 (1985). To ensure the "equitable character" of the plan or the collective bargaining agreement, Congress defined a trustee's responsibility in terms of the common law of trusts rather than enumerating all of his or her duties and responsibilities as a trustee. Id. at 570. As such, trustees possess "all such powers as are necessary or appropriate for the carrying out of the purposes of the trust." Id. (quoting 3 A. Scott, Law of Trusts § 186, 1496 (3d ed. 1967)). Under this framework, the Supreme Court declared that trustees may take steps to identify all participants and beneficiaries by matter of right. Id. at 580.

In Central States, the trustees requested access to payroll, tax, and other requested personal records of the employees, and the participating employer denied the request. Id. at 563. However, the United States Supreme Court determined that the trustees' audit request conformed to the general auditing standards because the audit was highly relevant to the trust's legitimate interests. Id. at 568. In addition, the Court did not find any evidence of a bad-faith motive behind the trustees' "determination of the scope of their powers under the trust agreement" or behind their "determination of the auditing program's propriety." Id.

Furthermore, ERISA requires employers to keep records of the number of hours worked by all employees covered by the plan or collective bargaining unit to sufficiently calculate the acquired benefits. 29 U.S.C. § 1059(a)(1); Steve Gilbert Trucking, 71 F.3d at 1367. In adopting a burden shifting approach, the Seventh Circuit held that when a trust fund proves that the employer is liable for delinquent contributions and the employer has failed to maintain adequate records, "the burden shifts to the employer to come forward with evidence that the fund's calculations of damages are not accurate." Steve Gilbert Trucking, 71 F.3d at 1367 (citing Brick

5

Masons Pension Trust v. Indus. Fence & Supply Inc., 839 F.2d 1333, 1337-39 (9th Cir. 1988); Combs v. King, 764 F.2d 818, 825-27 (11th Cir. 1985)). After determining that a defendant is liable for delinquent contributions but it had not kept adequate records, a court examines whether the defendant came forward with "evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the [f]und's evidence." Id. In the event that an employer fails to offer an explanation as to why payments to the fund are improper, "the fund would prevail on summary judgment." Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co., 347 F.3d 262, 265 (7th Cir. 2003).

In Steve Gilbert Trucking, the fund ordered an audit of the defendant, and the audit revealed that the defendant was liable to the fund for delinquent contributions. 71 F.3d at 1364. The Seventh Circuit found that the defendant was a party to a binding labor agreement with the union and was therefore bound by the provisions of the trust agreement. Id. at 1365. Because of the absence of any genuine issue of material fact as to the defendant's obligation to make contribution payments to the fund, the court granted the fund's motion for summary judgment on liability. Id. The issue of damages was remanded to the district court, and at this proceeding, the defendant argued that the fund's calculations were inaccurate and insufficient to support a judgment. Illinois Conf. of Teamsters and Emplrs. Welfare Fund v. Steve Gilbert Trucking, 953 F. Supp. 1026, 1033 (C.D. Ill. 1997). Although the court acknowledge that the fund's calculation was an approximation, it concluded that relying on this approximation is permissible in light of the defendant's failure to obey the reporting requirements set forth in 28 U.S.C. Section 1059(a)(1). Id.

In any action to enforce Section 1145 of Title 29 in which a judgment is entered

in favor of an employee benefit plan, Section 1132(g)(2) mandates that a court shall award the plan the following:

> (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the Defendant, and (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In the present case, the undisputed facts establish that the defendant, CGR, is a party to a binding labor agreement with Local 139, and as such, it failed to make certain contribution payments under the terms of the collective bargaining agreement with the Fund. By matter of right, the trustees of a collective bargaining agreement may take steps to identify all participants and beneficiaries to ensure that the plan receives all funds to which it is entitled. Accordingly, the Fund's audit of CGR's payroll books and records was highly relevant to the trust's interests.

Because the audit was a permissible exercise of the trustees' power and because it is uncontested that the defendant, CGR, is delinquent on certain contributions to the Fund, CGR has the burden of presenting evidence to illustrate that the Fund's calculation of damages is not accurate. However, CGR presents no evidence indicating that the Fund's calculation is inaccurate. In fact, the defendant has failed to contest the Fund's calculation of the amount owed. Therefore, CGR failed to negate the reasonable inference that can be drawn from the Fund's evidence that CGR is liable to the Fund for an unpaid contribution amount of $101,411.05. For liability purposes, there is no genuine issue of material fact as to CGR's obligation under the collective bargaining agreement to make contributions to the Fund.

The Fund included in its motion for summary judgment a request for unpaid contributions, interest, liquidated damages, and attorneys' fees and cost. Pursuant to 29 U.S.C. Section 1132(g)(2), the court shall award the plaintiffs' motion for unpaid contributions in the amount of $101,411.05, interest in the amount of $13,952.72, liquidated damages in the amount of $24,387.06, and reasonable attorneys' fees and costs.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for summary judgment is granted as follows:

| | |
|---|---|
| Unpaid Contributions | $101,411.05 |
| Interest | $13,952.72 |
| Liquidated Damages | $24,387.06 |

**IT IS FURTHER ORDERED** that the plaintiffs' request for reasonable attorneys' fees and costs is granted in an amount to be subsequently determined by the court, upon the filing of a petition for same by the plaintiffs.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this <u>1st</u> day of November, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge